UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| DARIUS COLE, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| VS. | )   No. 21-1010-JDT-cgc |
| | ) |
| DISTRICT ATTORNEY FOR MADISON COUNTY, ET AL., | ) |
| | ) |
|    Defendants. | ) |

ORDER DIRECTING PLAINTIFF TO COMPLY WITH 28 U.S.C. § 1915(a),
DISMISSING CASE, AND CERTIFYING AN APPEAL
WOULD NOT BE TAKEN IN GOOD FAITH

     On January 19, 2021, Plaintiff Darius Cole, who is incarcerated at the Morgan County Correctional Complex in Wartburg, Tennessee, submitted two *pro se* civil complaints, each accompanied by a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 3.) The first complaint names an unidentified "District Attorney in Madison County, Jackson, Tn" as Defendant, (ECF No. 1 at PageID 1), and the second names an unidentified "Criminal Court Judge in Madison County" as the Defendant, (ECF No. 1-2 at PageID 5). The complaints raise related claims arising out of the same set of circumstances; therefore, at the Court's direction, the Clerk combined the complaints and opened them as a single case rather than two separate cases.[1]

     Under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a). Although the

---

[1] Opening the cases separately would have obligated Cole to pay two filing fees rather than one.

obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v Harry*, 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments.  § 1915(b)(2). However, in order to take advantage of the installment procedures, the prisoner must properly complete and submit to the district court, along with the complaint, both an *in forma pauperis* affidavit and a copy of his trust account statement for the six months immediately preceding the filing of the complaint.  § 1915(a)(2).  Here, Cole's *in forma pauperis* affidavit did not include a copy of his inmate trust account statement.

Cole is therefore ORDERED to submit, within 21 days after the date of this order, **on or before February 10, 2021**, a copy of his inmate trust account statement for the last six months.  If he timely submits the document and the Court finds that he is indigent, the Court will grant leave to proceed *in forma pauperis* and assess a civil filing fee of $350 in accordance with the installment procedures of 28 U.S.C. § 1915(b).  If, however, Cole fails to comply within the time specified, the Court will deny leave to proceed *in forma pauperis* and assess the entire $400 filing fee[2] from his trust account without regard to the PLRA's installment procedures.

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

    (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

---

[2] The civil filing fee is $350.  *See* 28 U.S.C. § 1914(a).  The Schedule of Fees set out following the statute also requires the Court to collect an administrative fee of $50 for filing any civil case.  That additional $50 fee will not apply if Cole is granted leave to proceed *in forma pauperis*.

  (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

  In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

  "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Cole filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Cole alleges that on December 2, 2020, he found out the Madison County District Attorney "filed a bogus indictment against me because I was a gan[g]ster disciple from Chicago and black and had no evidence on me. I did not go to trial because of this racist and foul court system." (ECF No. 1 at PageID 1-2.) He further alleges the Criminal Court Judge "accepted my guilty plea on a bogus charge by the District Attorney General the Judge knew was not a case and I was arrested [and] charged because I am gan[g]ster disciple and black." (ECF No. 1-2 at PageID 5-6.) Cole contends his arrest and conviction via guilty plea violated his rights under the Fourteenth Amendment. (ECF No. 1 at PageID 2; ECF No. 1-2 at PageID 6.) He seeks $100,000 in compensatory damages and $100,000 in punitive damages against each Defendant. (*Id.*)

Cole's claims fail, first, because he has not identified the Defendants by name, and it is not possible to determine their identities from their titles alone.[3] Service of process cannot be made on an unidentified party, and the filing of a complaint against an unknown defendant does not toll

---

[3] The 26th Judicial District of Tennessee, which includes Madison County, has three trial court judges, all of whom hear criminal cases. The Office of the District Attorney General for the 26th Judicial District employs several Assistant District Attorneys in addition to the District Attorney General. Even if Cole is suing the District Attorney General, the Court cannot presume he sues the current holder of that position because Cole does not state the date his prosecution occurred.

the running of the statute of limitation. *See Wiggins v. Kimberly-Clark Corp.*, 641 F. App'x 545, 548-49 (6th Cir. 2016) ("The Sixth Circuit treats naming a specific individual in place of a John Doe as joinder of a new party." (*citing Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996))).

Cole also does not state whether the Defendants are sued in their official or individual capacities, or both. To the extent he is attempting to sue the Defendants in their official capacities, the claims are treated as claims against the Defendants' employer, the State of Tennessee.[4] As such, any official capacity claims for money damages are barred by sovereign immunity. The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment has been construed to prohibit citizens from suing their own states in federal court. *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Va. Office for Protection & Advocacy v. Stewart*, 131 S. Ct. 1632, 1638 (2011) ("A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." (citations omitted)). Tennessee

---

[4] District Attorneys are employees of the State of Tennessee. *See White v. Swafford v. Gerbitz*, 860 F.2d 661, 663 n.2 (6th Cir. 1988) (noting that district attorneys general and their assistants "prosecute suits on behalf of the state, Tenn. Code Ann. § 8-7-103, and receive an annual salary payable out of the state treasury, Tenn. Code Ann. §§ 8-7-105 and 8-7-201" and therefore are employees of the State of Tennessee); *see also Hembree v. Office of the Dist. Attorney Gen. for the 13th Judicial Dist. of Tenn.*, No. 2:18-cv-00097, 2019 WL 1437913, at *2 (M.D. Tenn. Apr. 1, 2019). Likewise, judges of the Tennessee state courts are state employees. *See* Tenn. Code Ann. § 16-1-101 ("The judicial power of the state is vested in judges of the courts of general sessions, recorders of certain towns and cities, circuit courts, criminal courts, common law and chancery courts, chancery courts, court of appeals, and the supreme court, and other courts created by law.")

has not waived its sovereign immunity. *See* Tenn. Code Ann. § 20-13-102(a). Moreover, a state is not a person within the meaning of 42 U.S.C. § 1983. *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Cole also has no valid claim against the state court Judge in his individual capacity. It is well settled that judges, in the performance of their judicial functions, are absolutely immune from civil liability. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Stump v. Sparkman*, 435 U.S. 349, 363 (1978); *Bright v. Gallia Cnty., Ohio,* 753 F.3d 639, 648-49 (6th Cir. 2014); *Leech v. DeWeese,* 689 F.3d 538, 542 (6th Cir. 2012). "In fact, judicial immunity applies to acts performed maliciously and corruptly as well as acts performed in bad faith or with malice." *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004); *see also Leech v. DeWeese*, 689 F.3d 538, 542 (6th Cir. 2012) (citing *Brookings*). Whether a judge or other official is entitled to absolute immunity in a given case turns on a "functional" analysis. *Harlow v. Fitzgerald*, 457 U.S. 800, 810-11 (1982). The "touchstone" for applicability of absolute judicial immunity is "performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights." *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435-36 (1993). Cole's allegation here is that the Judge accepted his guilty plea despite knowing the charges were "bogus". The act of accepting a guilty plea clearly was within the scope of the Judge's judicial function; therefore, Cole's claims are barred by judicial immunity.

With regard to Cole's allegation against the District Attorney, it appears he may be attempting to assert a claim for malicious prosecution. In order to succeed on such a claim, he must show the following:

> First, . . . that a criminal prosecution was initiated against the plaintiff and that the defendant made, influenced, or participated in the decision to prosecute. Second, . . . that there was a lack of probable cause for the criminal prosecution. Third, . . . that, as a consequence of the legal proceeding, the plaintiff suffered a deprivation

> of liberty . . . .  Fourth, the criminal proceeding must have been resolved in the plaintiff's favor.

*Sykes v. Anderson*, 625 F.3d 294, 308-09 (6th Cir. 2010) (citations, internal quotation marks and brackets omitted).  In this case, Cole has failed to state a valid claim for malicious prosecution.  He has alleged no details whatsoever about what he "found out" on December 2, 2020, that leads him to believe the District Attorney knew the charge against him was improper, nor has he alleged the source of that information.  Thus he has failed to allege the District Attorney lacked probable cause for the prosecution.

Most important, Cole alleges he entered a guilty plea to the charges and does not contend the prosecution has been resolved in his favor.  For that reason, his claims also are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), in which the Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486-87.  *See also Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").  If Cole were to succeed in this action, it would necessarily call into question the validity of his conviction and sentence.  He therefore is barred from raising his claims under § 1983 unless and until he successfully challenges his conviction and sentence in a direct or collateral appeal.

For these reasons, Cole's complaint fails to state a claim on which relief may be granted and is subject to dismissal.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *See Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court finds that leave to amend is not warranted.

Accordingly, this case is DISMISSED with prejudice in its entirety for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend is DENIED. As stated above, Cole still must submit a copy of his inmate trust account statement within 21 days if he wants to pay the filing fee in accordance with the installment provisions of the PLRA.

It is CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), that any appeal in this case would not be taken in good faith.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

      s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE